Good morning. May it please the Court, I'm Timothy Fisher of Bursar and Fisher, counsel for Appellants Jacqueline Dean and Melanie Barber. I'd like to reserve three minutes for rebuttal. The question presented by this appeal is whether the District Court abused its discretion by denying the motion for class certification and then refusing to allow plaintiffs an opportunity to renew their class certification motion. We think the Court abused its discretion because the District Court's decision was unprecedented and extreme. We believe that because there is no case that we have found or that Colgate has cited in which a District Court has found that the requirements of Rule 23 were satisfied but merely because the class definition was overbroad. There are many cases where courts on their own narrow, revise, modify a class definition. But whether the Court wants to modify the class definition on its own is a matter of discretion for the District Court, is it not? That is correct, Your Honor. What was the abuse of discretion here? The abuse of discretion here was not giving plaintiffs an opportunity to renew their motion. We didn't request a California class as I read it. We did not request it in our moving papers. But in our reply, we told the Court that if the Court thought that some of the states in our multi-state class were inappropriate, the Court should narrow the class to just those states that the Court thought was appropriate. In your reply brief for the first time, not giving the defendants an opportunity to oppose it. That's true, Your Honor. We did not do that. That is the first time we did it. But that's very much like... Isn't that just hornbook law as far as within the discretion of the trial judge? It was within the judge's discretion about whether to narrow the class on his own. We do this all the time. We have arguments here. When an argument is raised for the first time in a reply brief, we hold time and again that the argument is waived. That's true, Your Honor. But the Court also denied our request to renew the motion and to seek a narrowed class. But again, that's an abuse of discretion issue, isn't it? That is correct, Your Honor. But no court has ever not allowed that to happen. We have not found a single case where a court took this route that the district court did in this case. But the district court had already given you an opportunity to amend your complaint, so you had added another plaintiff. And so it's well within the district court's discretion. Don't you agree to manage his calendar, manage the briefing schedule, and decide when to put an end to the amended complaint, right? Yes. And we're not asking to amend our complaint. What we're asking is to renew the class certification motion so that we can seek certification of the California class, which the Court has already determined was appropriate. The Court has gone through—I'm sorry, Judge Baird. You mentioned that no court has ever refused certification under these circumstances. Have you ever found a case where a court has refused certification under these circumstances and been found to have abused its discretion? No. That's correct, Your Honor. But a case that— That's what really this case boils down to. You were practicing before a judge with an incredibly heavy docket. You didn't ask for a California-only class, and now you're saying, well, Court of Appeals ordered the judge to give me a chance to renew the class certification motion and hold as a matter of law that the district court abused its discretion when it failed to give you another bite at the apple. There's just no authority for it, and that's not how abuse of discretion works. Well, let me lay out what will happen from here if the district court's order is not reversed. What will happen from here is that a new complaint will be filed, and that we will then serve it on defendants. They will move to dismiss it. The complaint that we will file will be word-for-word identical, except it will have a different class representative. Well, I mean, whatever litigation options and strategies are available to the parties, that's beyond the scope of this appeal, isn't it? Well, the rules of civil procedure are designed for the just, speedy, and inexpensive determination of claims and proceedings. And to make us go back to the starting line, file a new complaint, go through a motion to dismiss, go through discovery, go through refiling a class certification motion, all of these things will be very similar to what has been done, and that will take six months, a year, two years, is inconsistent with the just, speedy, and inexpensive determination of the claim. We're going to have to go back to the starting line and do it all over again, and that doesn't make sense when the court has already determined that a California class is appropriate in this case. It's also inconsistent with the notion of claims being decided on their merits, not on technical grounds. It's also inconsistent with the notion of the remedial purposes of, for example, the California Consumer Legal Remedies Act and the unfair competition law. All these sounds very much like arguments that you should make to the district court on the renewal motion, which you did and the district court denied. Yes, the district court denied it, which is why we're here. Obviously, we wish we had included an alternative class in what we proposed, but we told the court in our reply papers that the court could narrow the class definition. So, but instead of doing that, the court threw the baby out with the bathwater, and we're going to have to go back to the starting blocks and do this all over again, which will take a great deal of time and money and is not really in anybody's interest, the party's or the court that will have to hear the new case. The arguments about our diligence, I'd also like to address that, because that was a basis for the district court's determination that our motion was not appropriately, that the court should not allow us an opportunity to renew our motion. And really, I feel like we're being hoisted on our own petard here by when we got Colgate's initial opposition to our motion for class certification, the top two arguments that they made in that opposition were that the plaintiff, Jacqueline Dean, was atypical and not an adequate class representative. But so we decided that rather than letting the process play out and have the court determine that our class was certifiable except for the lack of an adequate class representative, we sought to try to move ahead and avoid a delay in the case by amending to add another plaintiff. We did not want to start over the class certification process. We wanted to have Ms. Barber's credentials as an additional class representative dealt with by supplemental briefing. But the district court required us to go back to the beginning on the class certification process and file a new motion. But we were not trying to delay and we would not have sought to add an additional plaintiff except for the fact that Colgate made such a big deal about Ms. Dean's perceived inadequacies and the fact that she was supposedly atypical. The ironic part is that the district court ultimately found that Ms. Dean was an adequate class representative. So we really disagree with the idea that we were not diligent in trying to add an additional plaintiff and being blamed for that when we were trying to really ensure that there was not a delay in the case by adding that plaintiff. Let me turn to the choice of law arguments, which were pretty thoroughly briefed and that I will not spend a great deal of time on. The district court also, I think, should have done the conflicts analysis before it got to an analysis of whether there were sufficient contacts between the state of California and Colgate. The district court's class certification decision did not include any analysis of whether there was any conflict between California law and the laws of the various states. This issue often arises when plaintiffs seek to assert California consumer protection claims or the claims of other state consumer protection law claims on behalf of residents of multiple states. Here we weren't seeking to assert the consumer protection law claims on behalf of the residents of the other states in the proposed 10-state class. We were seeking to assert the warranty law of those states, and the warranty law is derived from the Uniform Commercial Code, so it is all identical, and that there are no differences between the warranty laws. So by failing to do the conflicts analysis, the court did not make the determination of whether or not there was any conflict and whether the contacts analysis even needed to be done. But what were the Colgate contacts? I mean, how do you reconcile the Massa case? You're supposed to do a contacts analysis first before you go into the conflicts issue. Respectfully, Judge Marquez, I don't think that's correct. I think Schutz tells us that you do the conflicts analysis first. And Schutz says that if there is no conflict, then there is no due process issue that needs to be decided. But he clearly found that there were sufficient contacts before it went into the conflicts analysis. And then the Massa case, which was decided afterwards, clearly sets out the test for first you find the contacts, then you do your conflicts analysis using the three-government test, the three-pronged test, and how is that different from your case? I don't think that's actually accurate. I think Schutz and the other cases look at the conflicts analysis first. I think in the Hyundai decision that Judge Nguyen just issued from the en banc panel did the conflicts analysis first. But the Hyundai decision was different. You have to still reconcile Massa, and Massa is pretty explicit. We're bound by that. Massa says that the proponent bears the initial burden to show that California has significant contacts or significant aggregation of contacts. We're bound by that. And so the district court here read Massa's plain directive and stopped at that stage of the analysis, didn't it? And we made a significant showing, I think, as to the contacts. We showed that 46 percent of the class members in the case were from California, that some of the studies that Colgate was relying on the case were done in California, so that there were significant contacts in the case. But, and I see I'm getting down to the end of my time, but I think that Schutz is really the key case here and that Massa dealt with a situation where the plaintiff was trying to assert California consumer protection law claims on behalf of a multi-state K class not expressed warranty claims. I don't see how there can be a due process problem if the plaintiff is asserting warranty law that does not conflict across the multi-state class. I'll reserve the rest of my time for rebuttal. Okay, thank you. Good morning, Your Honors. Robin Blato from Kirkland & Ellis on behalf of Colgate Palmolive Company, if it may please the Court. In order to litigate as a class action in federal district court, plaintiffs must make the required showing for their particular case, for the particular facts, for the particular class that they propose. Here the district court concluded that plaintiffs did not meet their burden in showing that Colgate, an out-of-state defendant, should be subject to a multi-state class under California law just because the litigation was brought in California. And that was an entirely correct decision. It was applying a very straightforward application of the Massa case, as Judge Marcus noted. In fact, it's consistent with Massa, Washington Mutual, Phillips Petroleum, it's consistent with the In re Hyundai case from yesterday. The initial showing that needs to be made, it's a constitutional showing. It's an assurance that an out-of-state defendant's due process rights are not being violated. And is your position that the plaintiff had to show that 100 percent of the class members were subject to California law? That's not what the test requires. What the test requires is that the initial burden is to show that California has significant contact to the claims of each class member. So that's not 20 percent of the class members, 46 percent of the class members, most of the class members. It's significant contacts to each, the claims of each class member. So 100 percent? 100 percent. Yeah. Absolutely. I'm sorry, I might have misunderstood your question. Here they haven't done that. They can't do that. And the only reason why it was even a possibility or why they passed that hurdle in Maza was because they were dealing with an in-state corporation. Honda was a California corporation. Same with the Hyundai case from yesterday. Hyundai and Kia were. What's the standard of review with regard to the question of whether the contacts are sufficient to satisfy a due process? The standard of review is abuse of discretion. I mean, whatever the court concluded with respect to that is an abuse of discretion standard. The plaintiff has to show that the court abused its discretion in finding that there were not significant contacts. Because that's a self-fundamentally fact-finding issue? Correct. Correct. So, because there's really no question about the actual choice of law analysis, the real issue before this panel is whether the district court abused its discretion by holding plaintiffs to the strategic choices that they made in this litigation. As Your Honors, we're questioning counsel about. They decided to repeatedly ask for a 10-state class. They didn't ask for the California class. Modification of a class is a matter of discretion, as Judge Bea noted. So, if it were otherwise, then plaintiffs could literally file a class action, go into court, assert the broadest class they could possibly come up with, and expect the district judge to chop it down to size. And by the way, if the district judge doesn't do that, it would be an abuse of discretion. That's their argument. And that can't be the case. A judge has to be able to exercise its discretion in whether or not to actually modify the class in any way, particularly in a case like this, where an alternative class was never even proposed. Well, it was a reply brief, and there was evidence that 46 percent of the plaintiffs did have California contacts. It wasn't too difficult to weed out the California plaintiffs and certify the class, was it? But again, it actually was not proposed in the reply brief, first of all. The only thing that was proposed in the reply brief in a footnote was to potentially get rid of two particular states. I think it was Delaware and Missouri. It wasn't an alternative California-only class. And also, again, I'll go back to the test, which is that the significant contacts must be with each class member. So 46 percent is neither here nor there if we're talking about an out-of-state defendant. That's not the test. So then we get to the next issue here, which is whether or not the court should have allowed them another shot. And this is a matter of diligence. The primary issue under this Court's decision in Johnson v. Mammoth Recreation is whether or not the plaintiffs were diligent. The party seeking the amendment to the scheduling order was diligent. And here we detailed the lack of diligence in this case. The court, which was uniquely positioned to know exactly the details and history of this litigation, went through the lack of diligence in this case. In fact, the court, when it allowed the second complaint with the new class rep and the second motion for class certification, explicitly warned plaintiffs in open court that they were on the court's radar. The court said, quote, even though it's a very close call and I'm tempted to deny the motion, I will grant it. I'm not happy about it. I must let you know I think you could have done more, but I'll let you do it this time. But I guess this becomes a warning to you. You're now on my radar, so if there's additional instances where I don't think you've been as diligent as you could, then the rulings might not go in your favor, end quote. And that's exactly what happened. There was another instance where the plaintiffs were not as diligent as they should have been and the rulings didn't go in their favor. And frankly, a district court has to be able to control its docket. It has to be able to issue scheduling orders and make sure that the litigants in front of it are adhering to those scheduling orders. And it has to be able to draw conclusions about whether the litigants in front of it are diligent and whether they're not diligent, and when there are consequences for a lack of diligence. And that's exactly what the court did here. A district court's ability to enforce its scheduling order is actually the quintessential exercise of judicial discretion. And all this panel can do is review the court's rulings for abuse of discretion. And plaintiffs have not cited a single case, a single case that actually holds that any of the court's decisions, whether to sua sponte, modify the class definition, or not to allow plaintiffs yet a third motion for class certification, that any of those rulings would be an abuse of discretion. Unless the court has any questions, I don't have further argument on these topics. Thank you very much. Thank you. Mr. Fisher? I'll be brief. One case I'd like to point out to the court is the Kareem case, which was cited by Colgate. In that case, the plaintiffs brought a motion for class certification of a nationwide class. This is in the Northern District of California. Judge Hamilton of the Northern District denied that motion and said she wouldn't consider whether or not the plaintiff could file, whether or not to certify a California-only class, which the court had deemed appropriate because the request hadn't been made. But then subsequently, the court allowed that renewed motion to be filed and certified a California-only class. And so that's what we think should have happened here, is that the court should have given plaintiffs an opportunity to certify the class that the court had determined was the appropriate class. Colgate, in its supplemental brief to the court following the hearing on the class certification motion, where the court asked for supplemental briefing about whether the court had the ability to narrow the class definition on its own, said that where Rule 23 is not satisfied for a multi-state class and a plaintiff seeks to remedy that defect by narrowing the class path is a renewed motion. So and then Colgate cited four cases, including the Kareem case. So that's what we really think should have happened here, is that the court should have given us an opportunity. If the court was unwilling and the court had the discretion and was unwilling to narrow the class on its own, the court should have given us another opportunity to do so. And the result of that unwillingness to give us the opportunity will be the filing of a new case and the wasting of significant time on behalf of the parties when everybody knows that a California class is appropriate here. The court went through all of the factors under Rule 23A and under 23B3 and found the certification of a California class was appropriate. That can't be denied. So to make us go back to the starting line, file a new complaint, go through the pleadings stage with a motion to dismiss, discovery, and the filing of a new class certification motion. And all that time that that will take is not right and is inconsistent with Rule 1 and with the idea that cases should be decided in a speedy and expeditious manner. If the court has no other questions, I'll stop. No other questions. Thank you very much, Mr. Fisher. Ms. Bledsoe. The case of Dean et al. v. Colgate-Palmolive is marked submitted, and thank you for your arguments.
judges: Bea, Nguyen, Marquez